UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON A. DURRANT<br>    Plaintiff<br>V.<br><br>THE BARBERINO BROTHERS, INC.,<br>BMW FINANCIAL SERVICES NA, LLC,<br>MARANDA ROBERTS, & JOHN DOE<br><br>    Defendant | CASE NO:<br><br>TRIAL BY JURY DEMANDED<br><br><br><br>COMPLAINT<br><br>OCTOBER 18, 2010 |

## I. INTRODUCTION

This is an action brought by plaintiff to recover actual, statutory and punitive damages, reasonable attorneys' fees, and costs from Defendant The Barberino Brothers, Inc. ("Barberino") for engaging in illegal and deceptive activities related to the purchase of a car pursuant to a retail installment sales contract. Barberino violated the Truth in Lending Act, 15 U.S.C. 1601 *et seq.*; they violated the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a *et seq.*; they also violated Connecticut's Retail Installment Sales Financing Act, Conn. Gen. Stat. §§ 36a-785 *et seq.*, and they committed negligent misrepresentation, fraudulent misrepresentation, fraud and forgery.  Plaintiff also brings claims against Defendant BMW Financial Services, N.A. LLC, the assignee of the retail installment sales contract in the aforementioned transaction, for violation of Connecticut's Retail Installment Sales Financing Act, Conn. Gen. Stat. §§ 36a-785 *et seq.*, and Plaintiff  brings a forgery claim against Barberino's administrative assistant Maranda Roberts, and against a John Doe defendant who

Plaintiff believes worked for Barberino and instructed Defendant Maranda Roberts to commit the aforementioned forgery.

## II. PARTIES

1. Plaintiff, Jason A. Durrant, is a natural person residing in Bloomfield, Connecticut.

2. Defendant Barberino is a Connecticut corporation that operates a new and used car dealership in Wallingford, CT.

3. Defendant BMW Financial Services, N.A. LLC ("BMW") is a Delaware Limited Liability Corporation with a principal place of business in New Jersey.

4. Defendant Maranda Roberts is a Barberino employee who works in the capacity of administrative assistant.

5. Defendant John Doe is a Barberino employee whose identity is not currently known to Plaintiff but should be ascertainable through discovery.

## III. JURISDICTION

6. Jurisdiction of this court arises under 15 U.S.C. § 1640(e), 28 U.S.C. §1337, and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. §1367.

7. Venue in this court is proper, because the plaintiff resides in Connecticut, and the claims involve a transaction that occurred in Connecticut.

## IV. FACTUAL ALLEGATIONS

8. On or around February 6, 2010, Plaintiff, Plaintiff's girlfriend, and Plaintiff's father visited Barberino, and both Plaintiff and his girlfriend decided to purchase a car from Barberino.

9. Plaintiff decided to purchase from Barberino a 2008 Ford TR Edge (the "Vehicle").

10. Barberino told Plaintiff that he could purchase the Vehicle for $24,164.32 and no money down.

11. Plaintiff's girlfriend was told that she had to pay $2,000 on the car she had decided to purchase, and she provided Barberino with two cashier's checks in the amount of $1,000 each, and Barberino gave her receipts in her name for those checks.

12. Without Plaintiff's or his girlfriend's knowledge or consent, Barberino applied $1,000 of Plaintiff's girlfriend's downpayment towards Plaintiff's purchase of the Vehicle.

13. Barberino prepared a retail installment sales contract (the "Contract") for the purchase of the Vehicle; the Contract was prepared by a Barberino finance manager who retained physical possession of the Contract and other purchase and sale documents for the Vehicle.

14. The Contract reflected a $1,000 downpayment that was not paid by Plaintiff.

15. Because the finance manager did not permit Plaintiff to review the Contract and other purchase and sale documents until after Plaintiff had become

3

committed to the transaction by signing all paperwork for transfer of the Vehicle, Plaintiff was prevented from discovering the $1,000 downpayment.

16. Furthermore, Barberino inflated the price of the Vehicle on the Contract; the Contract reflected a total cash price of $25,164.32, however, Plaintiff paid zero down on the Vehicle and financed $24,164.32 for the Vehicle, which meant that Barberino had inflated the price of the Vehicle by $1,000, which excess amount was taxable and resulted in an additional $60 sales tax.

17. Barberino assigned the Contract to BMW for valuable consideration, and BMW retained the benefit of the Contract despite the fact it was notified of Plaintiff's claims on or around March 31, 2010.

18. After Plaintiff asserted this claim, defendant Maranda Roberts, at the instruction of defendant John Doe, who is a manager of Barberino, created a false receipt that reflected payment of $1,000 by Plaintiff and forwarded it to BMW and represented it as a genuine receipt.

### V. COUNT ONE
### TRUTH IN LENDING ACT
### (Barberino)

19. Plaintiff incorporates Paragraphs 1-18.

20. Barberino failed to provide Plaintiff with the required proper disclosures prior to the time that he became committed to the transaction.

21. Barberino also violated the Truth in Lending Act by failing to include as a finance charge on the Contract the additional sales tax of $60 which resulted from Barberino inflation of the cash price of the Vehicle on the Contract, by understating the

4

annual percentage rate by the improper inclusion of that $60 as part of the amount financed, and by inaccurately itemizing the amount financed.

22.     Barberino is liable to Plaintiff for his actual damages pursuant to 15 U.S.C. § 1640(a)(1), plus statutory damages of $1,000, plus a reasonable attorney's fee pursuant to 15 U.S.C. § 1640(a)(3).

## VI. COUNT TWO
## RETAIL INSTALLMENT SALES FINANCING ACT
### (Barberino & BMW)

23.     Plaintiff incorporates Paragraphs 1-18.

24.     The Contract to purchase the Vehicle constituted a retail installment sales contract within the meaning of Conn. Gen. Stat. § 36a-770(c)(12), and the plaintiff is a retail buyer within the meaning of Conn. Gen. Stat. § 36a-770(c)(11).

25.     Barberino's TILA violations constituted violations RISFA pursuant to Conn. Gen. Stat. § 36a-771(b).

26.     Barberino's violations of RISFA were willful violations, and BMW has retained the benefit of the Contract notwithstanding its knowledge of the violations, thereby entitling Plaintiff to an order pursuant to Conn. Gen. Stat. § 36a-786 that there is no entitlement to a finance charge under the Contract.

## VII. COUNT THREE
## FORGERY
### (Barberino, Maranda Roberts & John Doe)

27.     Plaintiff incorporates Paragraphs 1-18.

28. Barberino, Roberts, and John Doe committed forgery and are liable to Plaintiff for double damages pursuant to Conn. Gen. Stat. § 52-565.

## VIII. COUNT FOUR
## FRAUD
## (Barberino)

29. Plaintiff incorporates Paragraphs 1-18.

30. Barberino committed fraud in the course of transacting for the Vehicle.

31. Barberino made fraudulent statements to Plaintiff for the purpose of inducing Plaintiff to purchase the Vehicle, and Plaintiff relied on Barberino's fraudulent statements to his detriment.

32. Barberino is liable to Plaintiff for his damages.

## IX. COUNT FIVE
## CONNECTICUT UNFAIR TRADE PRACTICES ACT
## (Barberino)

33. Plaintiff incorporates Paragraphs 1-18.

34. The actions of Barberino constituted an unfair trade practices in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a *et seq.*, in that these actions were immoral, unethical, oppressive and unscrupulous.

35. The actions of Barberino constituted an unfair trade practices in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a *et seq.*, in that the actions of Barberino's employees for which Barberino is liable offend public policy as it has been established by common law in that the actions of Barbrino constituted fraud, forgery, misrepresentation.

36. The actions of Barberino, as described above, have caused the Plaintiff to suffer an ascertainable loss in the form of $60 in additional sales taxes that Plaintiff was charged as a result of Barberino inflating the price of the Vehicle on the Contract. Plaintiff has also suffered emotional distress, aggravation, and embarrassment because of Barberino's actions.

## X. COUNT SIX
## LIABILITY AS HOLDER OF CONTRACT
## (BMW)

37. Plaintiff incorporates Paragraphs 1-18.

38. Under the terms of the Contract, BMW is liable to Plaintiff, limited to the amounts paid under the Contract and, in light of the fact both Barberino and BMW were notified of Plaintiff's claims, its liability is extended to include the unpaid balance of the Contract pursuant to Conn. Gen. Stat. § 52-572g.

**Wherefore, Plaintiff claims**, Actual damages pursuant to 15 U.S.C. § 1640(a)(1), statutory damages of $1,000, plus a reasonable attorney's fee pursuant to 15 U.S.C. § 1640(a)(3); statutory punitive damages pursuant to Conn. Gen. Stat. § 42-110g(a); attorney's fees pursuant to Conn. Gen. Stat. § 42-110g(d); double damages pursuant to Conn. Gen. Stat. § 52-565; an order that BMW is not entitled to a finance charge under the Contract pursuant to Conn. Gen. Stat. § 36a-786; an order from the Court ordering Barberino to cease and desist from engaging in unfair and deceptive trade practices; such other further relief to which Plaintiff is, at law, or in equity and by statute entitled to against Barberino.

**PLAINTIFF DEMANDS TRIAL BY JURY**

**PLAINTIFF, JASON A. DURRANT**

By: _____
Daniel S. Blinn, ct02188
Matthew W. Graeber, ct27545
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408
Fax. (860) 571-7457
dblinn@consumerlawgroup.com
mwgraeber@consumerlawgroup.com